| White Company | |
| vs. | No. 62034 |
| Thomas J. Quinn | |

December 9, 1925

CAPOTOSTO, J. The plaintiff brought suit against the defendant to recover the agreed valuation of $1501 claimed to have been put by the parties upon a Mack truck owned by the defendant and which was to be delivered to and accepted by the plaintiff in part payment of a White truck sold by the plaintiff to the defendant. The jury having returned a verdict for the plaintiff, the defendant moves for a new trial upon the usual grounds and further urges the claim of newly discovered evidence.

The controversy centers about the condition of the Mack truck when it was tendered by the defendant to the plaintiff in accordance with their contract. The plaintiff refused to accept the truck, claiming that it was not "in good condition," while the defendant maintained that the truck complied with the understanding between the parties. As a result of this differ-

ence of opinion, the truck was finally taken by the defendant from his premises in Ashton and left in a driveway adjoining the plaintiff's place of business in the City of Providence.

The person who knew most about the transaction, one Charles O'Connell, a salesman for the plaintiff at the time of the contract, was not produced as a witness by the plaintiff, nor was any effort made to take his deposition. O'Connell undoubtedly had first hand knowledge of the entire transaction. The necessity of his testimony for a full understanding of the relations between these parties was at least impliedly admitted when the manager of the White Company, Arthur Lee, on being questioned by the defense as to whereabouts of O'Connell and as to whether or not he was to be a witness, said that he had recently seen O'Connell, who was then employed in Boston, Massachusetts, by the American La France Company, and that O'Connell had promised to be in court at the trial. The plaintiff saw fit to close his case without the testimony of this pivotal witness.

The position taken by the plaintiff with reference to the appearance of O'Connell as a witness at the trial was such as tended to assure the defendant of O'Connell's presence until it was too late for the defendant to do anything definite when it became apparent that this witness was not to appear. The defendant, consequently, was placed at a disadvantage by the plaintiff's own conduct in meeting certain claims of the plaintiff.

The affidavit of John J. McGrane, attorney for the defendant, sets forth his efforts before, during and after trial to secure the testimony of O'Connell. In an affidavit signed by one Charles O'Connell, the deponent states facts in relation to the matter at issue which, if believed, would contradict the plaintiff's claim and substantiate the position taken by the defendant.

Giving the testimony presented by the plaintiff every reasonable construction in his favor, yet there remains in one's mind a strong feeling that all the facts within the actual or potential control of the plaintiff were not presented to the jury and that the defendant was prejudiced by the plaintiff's conduct with reference to the witness, O'Connell.

In view of the particular circumstances of this case, the Court feels that the defendant has acted with due diligence in bringing to the attention of the Court certain facts which, if believed, might reasonably result in a different finding by a trial jury.

Motion for new trial granted.

For Plaintiff. A. S. and A. L. Johnson.

For Defendant: Fitzgerald & Higgins, John J. McGrane.